# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY SUE ATKISON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:05-CV-1507 CAS |
| ) | |
| STEAK & SHAKE OF HAMPTON, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion to File Their Response to Defendant's Motion to Enjoin [Doc. 21] Out of Time and Over Length. The motion will be denied without prejudice for the reasons discussed below.

The instant motion suffers from several serious defects. First, the motion was filed under the name of William H. McDonald, who is not admitted to practice before this Court. Mr. McDonald's motion for admission pro hac vice was previously denied without prejudice on November 23, 2005 for procedural deficiencies. Attorneys must be admitted in order to file documents in this Court. "Only attorneys enrolled pursuant to the rules of this Court or duly admitted pro hac vice may file pleadings, appear or practice in this Court . . . ." E.D. Mo. Local Rule 12.01(A). Future violations of this rule may result in the imposition of monetary or other sanctions, including but not limited to the striking of plaintiffs' pleadings or the imposition of civil contempt proceedings,

Second, although the instant motion purports to be filed by Mr. McDonald, it was actually filed under the electronic login and password of Mr. Denis Burns. This is a violation of this Court's Administrative Procedures for Case Management/Electronic Case Filing (CM/ECF) (revised 4-12-

2004), Section II.G., which states in pertinent part, "The login and password issued to an individual attorney may be used only to file documents on behalf of that attorney." Id. The Court previously called this provision to counsel's attention in its prior order of November 16, 2005 which denied without prejudice Mr. Burns' motion to withdraw. Again, future violations of this rule may result in the imposition of sanctions.

Third, the instant motion was filed with a joint caption, apparently intended to indicate joint federal and state jurisdiction over the instant case. This is improper, as the Notice of Removal filed by defendant effectively divested the state court of jurisdiction, which it will not regain until this Court issues an order of remand. The Missouri Court of Appeals recently addressed this issue succinctly:

> The law is clear that once removal to the federal court has been effected, the state court "shall proceed no further unless and until the case is remanded." 28 U.S.C. section 1446(d) (2004); State ex rel. Nixon v. Moore, 108 S.W.3d 813, 816 (Mo.App. W.D. 2003). Removal is effected by three procedural steps: (1) the filing of the notice of removal in the federal court; (2) providing written notice to all adverse parties; and (3) the filing of a copy of the notice of removal with the clerk of the state court. 28 U.S.C. sec. 1446(d); 14C Wright, Miller & Cooper, Federal Practice and Procedure section 3737, at 381 (3d ed.1998). After removal, the state court loses jurisdiction until the federal court restores it. Ward v. Resolution Trust Corp., 972 F.2d 196 (8th Cir. 1992). State court jurisdiction is only restored once a remand order is certified and mailed to the state court. Nixon, 108 S.W.3d at 819-20.

Turner v. Healthcare Servs. Group, Inc., 156 S.W.3d 431, 433 (Mo. Ct. App. 2005). See also Ward v. Resolution Trust Corp., 972 F.2d 196, 197 (8th Cir. 1992) (same; district court gains jurisdiction upon proper removal; after removal, only the federal district court can restore jurisdiction to the state court, and after removal the state court can proceed no further), cert. denied, 507 U.S. 971 (1993). Plaintiffs are instructed that in the future, all pleadings, motions and other filings in this case shall contain only the federal court caption and case number.

Finally, plaintiffs sought leave to file a memorandum in excess of fifteen (15) pages and referenced an attached proposed response to defendant's motion to enjoin the state court proceedings, but there was no attachment to the motion for leave. Plaintiffs are granted leave to file a memorandum which shall not exceed twenty (20) pages in length, but the Court urges plaintiffs to make this memorandum and all others fall within the fifteen (15) page limit. The page limit is intended to both ease the burden upon the Court caused by unnecessarily lengthy briefing, and to cause the parties to edit and focus their arguments and authorities in the most efficient and persuasive manner.

The Court urges plaintiffs to make every effort to comply with the applicable rules and procedures of this Court, in order to avoid wasting limited judicial resources on these types of issues.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to file their response to defendant's motion to enjoin out of time and over length is **DENIED without prejudice**. [Doc. 28]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of December, 2005.