UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY SUE ATKISON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:05-CV-1507 CAS |
| | ) |
| STEAK & SHAKE OF HAMPTON, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on various motions filed by the plaintiffs. The Court will address each in turn.

1. <u>Motion to Reconsider and/or Clarify Court's Order of December 9, 2005</u> [Doc. 31] and <u>Motion to Supplement Motion for Reconsideration</u> [Doc. 40].

Plaintiffs ask the Court to reconsider its statement in the Order of December 9, 2005 that the "notice of removal filed by defendant effectively divested the state court of jurisdiction." Plaintiffs' motion will be denied. The Court's Order of December 9, 2005 does not purport to rule on the merits of either plaintiffs' motion to remand or defendant's motion to enjoin plaintiffs from further filings in state court. The order was issued in response to plaintiffs' attempted filing of a document containing two captions, a federal caption and a state court caption, thus indicating shared jurisdiction over this case. Ultimately, this Court may conclude that it has jurisdiction over this case, or it may conclude that removal was improper and jurisdiction is lacking, but at the present time the case is before this Court for that determination. The Court's statement was based on well-established law as set forth in a leading federal practice and procedure treatise:

> Removal is automatically effected by the filing of a notice of removal with the district court, the state court, and the parties; the federal court need not issue any specific order to complete removal.

> . . . .
>
> Once a copy of the notice of removal is filed with the clerk of the state court in which the action is pending . . . , the state court is divested of jurisdiction. The state court must stop all proceedings unless and until the case is remanded. Any state court action after the filing of the removal notice is void, even if the case is subsequently remanded because the initial removal was improper. Further, the state court has no authority to act after a federal court dismisses rather than remands a case.

16 James Wm. Moore, et al, Moore's Federal Practice §§ 107.31[1], [2] (3d ed. 2005).

Plaintiffs' motion for reconsideration should therefore be denied, and their motion to supplement the motion for reconsideration should be denied as moot. Moreover, the Court does not permit parties to file supplements to motions or memoranda, as discussed further below. The Local Rules of this Court contemplate a motion, a response thereto, and a reply. See E.D. Mo. Local Rule 4.01(A)-(C). In the overwhelming majority of cases, no further briefing is necessary or allowed.

2. Plaintiffs' Motion for Leave to File Suggestions in Support of their Response to Defendant Steak n Shake Operations, Inc.'s Motion to Enjoin Plaintiffs from Further Filing Pleadings, Motions and Discovery Requests in State Court Out of Time [Doc. 37]

This motion will be denied. On December 13, 2005, plaintiffs were granted leave to file their response in opposition to defendant's motion to enjoin plaintiffs from further proceedings in state court. Defendant has not filed a reply memorandum. In contrast to a motion, which must be accompanied by a memorandum in support, see Local Rule 4.01(A), a response to a motion may not be supplemented or supported by a memorandum in support, but instead stands on its own and includes all argument and authorities the party wishes to raise in opposition to the motion. Plaintiffs' attempt to file suggestions in support of their response is extra briefing which is not contemplated by the Local Rules and which the Court will not permit.

3. <u>Motion for Leave to File Sur-Reply in Support of Plaintiffs' Motion to Remand</u> [Doc. 38].

This motion will be granted and the Clerk of the Court will be directed to file plaintiffs' sur-reply. This matter is now fully briefed, and the Court will address it as soon as possible. No further memoranda should be filed on this issue.

4. <u>Motion to Substitute Exhibit Attachment to Affidavit (Doc. 19) and to Add Exhibits B & C to Document 18</u> [Doc. 39].

This motion must be denied without prejudice on the basis of a procedural defect. In order for the Court to substitute or add exhibits to a previously-filed document, plaintiffs must attach each exhibit separately to the motion to substitute. Plaintiffs have submitted eight documents which they wish to attach to Documents 18 and 19, but all eight documents are submitted as a single attachment to their motion to substitute. The Clerk of the Court is unable to separate those documents and could only attach the entire Document 39 and all eight exhibits to both Documents 18 and 19. This would unnecessarily complicate the record and cause confusion, and therefore the Court will require plaintiffs to resubmit their motion to substitute in the correct format. As previously stated in the Docket Text Order of December 14, 2005, all exhibits to a document must be separately attached and individually labeled pursuant to paragraph II.E. of this Court's CM/ECF procedures.

5. <u>Motion to Supplement Record</u> [Doc. 41].

Plaintiffs move to supplement the record with a letter their attorney received from the Honorable Julian L. Bush, Circuit Judge for the 22nd Judicial Circuit, describing his order setting this case for trial as "a nullity," and plaintiffs' counsel's letter in response to Judge Bush. The motion to supplement will be denied. The correspondence has no bearing on this Court's determination of its jurisdiction or any other issues in controversy, and serves only to clutter the record.

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Reconsider and/or Clarify Court's Order of December 9, 2005 is **DENIED** [Doc. 31], and the Motion to Supplement the Motion to Reconsider is **DENIED as moot**. [Doc. 40]

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Suggestions in Support of their Response to Defendant Steak n Shake Operations, Inc.'s Motion to Enjoin Plaintiffs from Further Filing Pleadings, Motions and Discovery Requests in State Court Out of Time is **DENIED**. [Doc. 37]

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file a sur-reply in support of their motion to remand is **GRANTED**, and the Clerk of the Court shall docket the sur-reply which is attached as an exhibit to the motion for leave. [Doc. 38]

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Substitute Exhibit Attachment to its Affidavit (Doc. 19) and to Add Exhibits B & C to Document 18 is **DENIED without prejudice** for the reasons stated above. [Doc. 39]

**IT IS FURTHER ORDERED** that plaintiffs' motion to supplement the record is **DENIED**. [Doc. 41]

                                                                 /s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __22nd__ day of December, 2005.