UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY SUE ATKISON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:05-CV-1507 CAS |
| ) | |
| STEAK 'N SHAKE OF HAMPTON, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand the case to state court. Defendant Steak 'N Shake Operations, Inc. opposes the motions. The motion has been fully briefed, including a sur-response and sur-reply. For the following reasons, the Court concludes it lacks subject matter jurisdiction over this case, and plaintiffs' motion to remand should be granted. Other pending motions will be denied as moot.

**Background**.

This case was originally filed in the Circuit Court of the City of St. Louis, State of Missouri on August 24, 2005. Plaintiffs' petition alleges that Kimberly Sue Atkison was injured when she slipped on a wet floor at a Steak 'N Shake restaurant at 1253 Hampton Avenue in the City of St. Louis on April 21, 2004. Plaintiff Robert Atkison asserts a claim for loss of consortium. The plaintiffs allege that Mrs. Atkison was unable to have a scheduled hysterectomy because of the accident, and subsequently became pregnant with and gave birth to twin children. Among other damages, plaintiffs seek the "special damage of raising and caring for said twin children as a direct a proximate cause of the aforesaid injuries." Petition at 4. The four defendants in the case are Steak

'N Shake of Hampton, Inc., Steak 'N Shake, Inc., Steak 'N Shake Operations, Inc., and Steak 'N Shake Restaurant.

Defendant Steak 'N Shake Operations, Inc. ("Operations") filed its Notice of Removal on September 19, 2005, which asserts that this Court has subject matter jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332(a). Operations asserts that it is an Indiana corporation with its principal place of business in Indiana, and that plaintiffs are citizens of Missouri. Operations also asserts "on information and belief" that the requisite amount in controversy exists based on claimed permanent and disabling injuries to Kimberly Atkison's left leg and knee, lost income, medical treatment costs, and the special damages of the cost of raising twin children.

Operations asserts that three years prior to the incident giving rise to this action, its corporate name was changed from Steak 'N Shake, Inc. to Steak 'N Shake Operations, Inc. Thus, Operations asserts that "Steak 'N Shake, Inc." amounts to a fictitious name and should be disregarded for purposes of removal under 28 U.S.C. § 1441. Operations also asserts that the named defendants "Steak 'N Shake Restaurant" and "Steak 'N Shake of Hampton, Inc." do not exist as legal entities, and therefore these fictitious names must also be disregarded for purposes of removal. Operations supports these assertions with the affidavit of Candace Hill, its Assistant Counsel.

Plaintiffs move to remand on the grounds that (1) removal was improper because the state court did not relinquish jurisdiction and this Court did not order removal; (2) the Hill affidavit constitutes hearsay, lacks foundation, is false and must be disregarded;[1] and (3) diversity jurisdiction

---

[1] Plaintiffs assert that the filing of the Hill affidavit constitutes a violation of Rule 11, Fed. R. Civ. P., because (1) it is presented for an improper purpose to harass, cause unnecessary delay and needless increase in the cost of litigation; (2) the claims, defenses, contentions and other legal defenses therein are unlikely to have evidentiary support; (3) the denials and defenses therein are not based on fact, evidence or first-hand knowledge but rather are hearsay, lack foundation and constitute

does not exist because defendant Steak 'N Shake of Hampton, Inc. was a Missouri corporation until 2000 and is now dormant, but can still properly be sued under Missouri law because it has not been statutorily dissolved. Plaintiffs also state that their case asserts a claim of first impression, specifically whether parents have a cause of action for the "accidental birth" of children, which should be decided in the state court in order to avoid "an unwarranted intrusion into State matters." Pls.' Special Appearance at 7, ¶ 15 [Doc. 10].[2]

Operations responds that the restaurant at which plaintiff Kimberly Atkison was allegedly injured is a company-owned store, and that Steak 'N Shake Operations, Inc. is the sole entity which operates the store. Operations asserts that none of the other named defendants owned, operated or possessed the restaurant at the time of the injury, and as a result there is no possibility that plaintiffs

---

factual and legal conclusions; and (4) it was made in bad faith.

The Court notes that plaintiffs did not file a motion for sanctions under Rule 11, and did not follow the "safe harbor" provisions of Rule 11(c)(1)(A). Moreover, plaintiffs' accusations concerning alleged Rule 11 violations by Operations' counsel appears to be entirely without merit. As Operations observes, "[A] claim of violation of Rule 11 is a serious charge and can itself form the basis of a Rule 11 sanction." Harris v. WGN Continental Broadcasting Co., 650 F. Supp. 568, 576 (N.D. Ill. 1986). Plaintiffs' counsel is cautioned to be more prudent in his accusations of improper conduct by others.

[2]It was unnecessary for plaintiffs' counsel to make a "special appearance" to raise his clients' jurisdictional and procedural objections. Federal Rule of Civil Procedure 12 abolished the distinction between general and special appearances when the Federal Rules were adopted in 1938. See Fed. R. Civ. P. 12; see also Republic Int'l Corp. v. Amco Engineers, Inc., 516 F.2d 161, 165 (9th Cir.1975) ("Special appearances to challenge jurisdiction are no longer required in federal courts."); Davenport v. Ralph N. Peters & Co., 386 F.2d 199, 204 (4th Cir.1967) ("[S]ince the advent of Rule 12(b), Fed.R.Civ.P., the distinction between general and special appearances in federal practice has been abolished."); 5B Wright and Miller, Federal Practice and Procedure 3d, § 1344 ("[T]echnical distinctions between general and special appearances have been abolished and . . . no end is accomplished by retaining the terms in federal practice."). Instead, a party may assert lack of personal jurisdiction by pre-answer motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 12(b)(2), or by moving to remand.

3

could establish a cause of action against them in state court. Thus, Operations asserts these entitles are fraudulently joined. Moreover, Operations asserts that defendants Steak'N Shake Restaurant and Steak 'N Shake of Hampton, Inc. do not exist. Finally, Operations notes that the petition alleges only that the various defendants are registered to do business and are doing business in Missouri, and does not contain allegations concerning the defendants' citizenship and principal places of business.

In reply, plaintiffs assert that defendant Steak 'N Shake of Hampton, Inc. is a Missouri corporation, it is listed as a Missouri corporation with the Missouri Secretary of State, and although it is shown as inactive, it was never statutorily dissolved.[3] Thus, plaintiffs assert that this defendant can sue or be sued and as a result diversity is lacking. Plaintiffs also argue that defendant Steak 'N Shake Restaurants exists because there are listings in the 2004-05 SBC Yellow Pages for "STEAK N SHAKE – RESTAURANTS," including a listing for a restaurant at 1253 Hampton Avenue. Plaintiffs further argue that records of the City of St. Louis Assessor's Office show the owner of the restaurant at 1253 Hampton Avenue as "Steak 'N Shake, Inc." and not Operations. Plaintiffs also argue that under the Missouri fictitious name statute, Mo. Rev. Stat. § 417.210 (2000), if the other defendants are fictitious names, then Operations is jointly and severally liable for them and is present in Missouri. Plaintiffs also assert for the first time that under the rule of unanimity, the removal was

---

[3] As Operations points out, plaintiffs sued defendant "Steak 'N Shake of Hampton, Inc.," while the Missouri Secretary of State's records they refer to concern a corporation named "Steak 'N Shake on Hampton, Inc." Although plaintiffs blithely assert that "'of' or 'on' is a technical pleading flaw that is de minimus [sic] at best," Pls.' Reply at 9, plaintiffs apparently sued the intended defendant by the wrong name and made no effort to correct their mistake. More importantly, neither the Missouri Secretary of State's records nor anything else submitted by plaintiffs establishes that Steak 'N Shake on Hampton, Inc. is a Missouri corporation. Although the burden of proof on this motion rests on the defendant and not on plaintiffs, the Court finds plaintiffs' numerous bare assertions, speculation and unsupported accusations concerning the law, the facts and the defendants' actions and motivations to be not only unpersuasive but also unprofessional.

4

improper because the other three defendants did not join in Operations's notice of removal. Finally, plaintiffs assert that even if the Court has diversity jurisdiction over this case, it should be remanded based on principles of "abstension [sic], comity, unwarranted State intrusion and/or *forum non convenius* [sic] . . . ." Pls.' Reply at 15.

Operations asserts in its sur-response that the rule of unanimity does not apply here because no properly joined defendants were served prior to the removal, citing Roberts v. Palmer, 354 F.Supp.2d. 1041, 1046 (E.D. Mo. 2005) (holding that a defendant served after a case is removed from state court is not required to affirmatively consent to the pre-service removal of the state action to federal court, and a plaintiff may not seek remand on the basis of such a defendant's failure to so consent). Operations also asserts that this argument may be waived because a challenge to a removal as procedurally defective must be made in a motion to remand within thirty days of removal, and plaintiffs did not raise the rule of unanimity argument until their reply brief. Operations further responds that the diversity analysis is unaffected by the listing of Steak 'N Shake, Inc. in the records of the City Assessor as owner of the restaurant at 1253 Hampton Avenue, because Steak 'N Shake, Inc. was an Indiana corporation with its principal place of business in Indiana prior to its name change to Operations.

In the sur-reply, plaintiffs repeat their various arguments at length, which the Court will not detail here.

**Legal Standard**.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction.

5

See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of her own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**Discussion**.

The party attempting to establish federal jurisdiction bears the burden of proof if diversity of citizenship is challenged. Blakemore v. Missouri Pacific R.R. Co., 789 F.2d 616, 618 (8th Cir.1986). Thus, Operations must show the existence of complete diversity among the adverse parties. After careful review of the record and the parties' arguments, the Court finds it unnecessary to delve into the citizenship status of all the defendants, and instead focuses on the principal defendant, Operations.

Under 28 U.S.C. § 1332(c)(1), in cases pursuant to § 1441(a), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Therefore, if either Operations' state of incorporation or its principal place of business is Missouri, there will be no diversity of citizenship. Here, plaintiffs are not alleging that Missouri is Operations' state of incorporation, and Operations has stated in its Notice of Removal and in the Hill Affidavit that its state of incorporation is Indiana. Therefore, this fact does not appear to be in dispute. Plaintiffs do argue, however, that Missouri may

be the location of Operations' principal place of business, and accordingly, Operations is a citizen of Missouri pursuant to § 1332(c)(1).[4] In order to establish that complete diversity of citizenship exists, Operations bears the burden to establish that it has its principal place of business in a state other than Missouri. See Capitol Indem. Corp. v. Russellville Steel Co., Inc. 367 F.3d 831, 834-35 (8th Cir. 2004) (corporation can establish complete diversity of citizenship by showing that it was not a citizen of the forum state).

The determination of a corporation's principal place of business is a mixed question of law and fact, but mainly one of fact. Id. at 834 (citing Blakemore, 789 F.2d at 618). The Eighth Circuit has approved the "total activity" test for determining a corporation's principal place of business. See Capitol Indem., 367 F.3d at 836. This test "recognizes that the nature of a corporation's activities will impact the relative importance of production activities, service activities, and corporate decision making. Accordingly, the total activity test looks at all corporate activities." Id. "Determining a corporation's principal place of business involves a thorough investigation into the intricate details surrounding the nature or essence of a corporation's business and activities." Quality Refrigerated Servs., Inc. v. City of Spencer, 908 F. Supp. 1471, 1484 (N.D. Iowa 1995).

In Capitol Indemnity, the Eighth Circuit looked at claims made in the plaintiff corporation's affidavits submitted in support of diversity jurisdiction.[5] The Court gave "no weight" to the direct claim asserted in the affidavits that the plaintiff maintained its principal place of business in Wisconsin.

---

[4]The Court finds it unnecessary to address plaintiffs' other arguments, including the rule of unanimity, and that Operations is a citizen of Missouri by virtue of the Missouri fictitious name statute and because the other defendants are alleged mere shells for Operations, the parent corporation.

[5]Unlike the present case, the Capitol Indemnity case was originally filed in federal court. As a result, the plaintiff was the party seeking to establish federal jurisdiction and therefore bore the burden of proof.

The Court stated, "The ultimate determination of where a corporation maintains its principal place of business is a mixed question of law and fact and not appropriate subject matter for an affidavit." Id., 367 F.3d at 836. In contrast, the Court gave "great weight . . . to [plaintiff's] undisputed allegations of fact where the balance of the evidence offers no grounds for rejection." Id.

In the instant case, Operations correctly observes that plaintiffs' petition does not allege the citizenship or principal place of business of any of the defendants. The only evidence before the Court concerning the principal place of business is the Hill affidavit, which contains the conclusory assertion that Operations has its principal place of business in the State of Indiana. Operations has submitted no evidence concerning the location of any of its corporate activities. Because the assertion in Operations' affidavit is entitled to no weight, see Capitol Indem., 367 F.3d at 836, there is essentially no evidence before the Court concerning the state of Operations' principal place of business. As a result, Operations fails to meet its burden to establish the location of its principal place of business and, consequently, the existence of complete diversity of citizenship. As doubts about the propriety of removal are to be resolved in favor of remand, In re Business Men's Assur. Co. of America, 992 F.2d at 183, this case must be remanded.

**Conclusion**.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, which must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c). Plaintiffs' motion to remand should therefore be granted. Plaintiffs' motion to strike the notice of removal and Operations' motion pursuant to 28 U.S.C. § 1446(d) to enjoin plaintiffs from further proceedings in state court will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that plaintiffs' motion to strike the notice of removal is **DENIED as moot**. [Doc. 11]

**IT IS FURTHER ORDERED** that defendant Steak 'N Shake Operations, Inc.'s motion pursuant to 28 U.S.C. § 1446(d) to enjoin plaintiffs from further proceedings in state court is **DENIED as moot**. [Doc. 21]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri, from which it was removed, for lack of subject matter jurisdiction.

An appropriate order of remand will accompany this memorandum and order.

                                                                                 **CHARLES A. SHAW**
                                                                                 **UNITED STATES DISTRICT JUDGE**

Dated this  25th   day of January, 2006.