# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY SUE ATKISON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:05-CV-1507 CAS |
| ) | |
| STEAK & SHAKE OF HAMPTON, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on plaintiffs' "Motion to Alter or Amend Order and Memorandum (Judgment) and to Award Plaintiffs Reasonable Costs and Attorney's Fees with Modest Lodestar and/or to Reconsider and Amend its Order and Memorandum Pursuant to 28 USC §§ 1447(c), 1446(a), F.R.CIV.P § 59(e), 28 USC, F.R.EVI. § 201 and the Court's Inherent Power and Authority." Defendant opposes the motion and plaintiffs have filed a reply in support. The Court granted plaintiffs leave to file several supplemental affidavits and documents in support of their motion. The motion will be denied for the following reasons.

This case was remanded to the Circuit Court of the City of St. Louis, State of Missouri, by Memorandum and Order and Order of Remand dated January 25, 2006. Plaintiffs ask the Court to modify the Memorandum and Order by (1) awarding them reasonable attorney's fees and costs associated with improper removal; (2) reconsider footnotes one and three of the Memorandum and Order; (3) add a "modest lodestar" of twenty-five to fifty percent to any award of attorney's fees; and (4) to "take Judicial Notice under 28 USC, F.R.Evi. § 201 of judicial facts and otherwise of legislative facts. §201." Pls.' Motion to Modify at 9.

**Attorney's Fees**.

To the extent plaintiffs seek an award of attorney's fees and costs associated with removal, and a "lodestar," the Court has jurisdiction to address their motion. A court retains jurisdiction to award attorney's fees even after remand, as the award of fees is a collateral matter. See, e.g., Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 365-68 (7th Cir. 2000); Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson, 201 F.3d 1212, 1215 (9th Cir.), as modified, 208 F.3d 1170 (9th Cir.), cert. denied, 531 U.S. 992 (2000); Stallworth v. Greater Cleveland Reg. Transit Auth., 105 F.3d 252, 254-57 (6th Cir. 1997); Mints v. Educational Testing Serv., 99 F.3d 1253, 1256-61 (3d Cir. 1996); see 16 James Wm. Moore et al., Moore's Federal Practice § 107.41[3][a][iii] (3d ed. 2005); see also Willy v. Coastal Corp., 503 U.S. 131, 132-33 (1992) (Rule 11 sanctions).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., __ U.S. __, 126 S. Ct. 704, 711 (2005). The Supreme Court emphasized that through the removal statute, "Congress granted a right to a federal forum to a limited class of state-court defendants" and that "there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." Id. For this reason, the Court held that "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id.

An objectively reasonable basis existed for seeking removal in this case. Defendant Steak 'N Shake Operations, Inc. claimed that complete diversity of citizenship existed based on its citizenship and that of the plaintiffs. This defendant asserted that the citizenship of the other three named defendants should be disregarded because two of the defendants did not exist as legal entities, and the name of the third, Steak 'N Shake, Inc., had been legally changed to Steak 'N Shake Operations, Inc. well before the accident at issue in the case occurred. Although the Court determined that defendant failed to establish the state in which Steak 'N Shake Operations, Inc.'s principal place of business was located based on its submission of a conclusory affidavit on that issue, and therefore remand was required, defendant's basis for removal was objectively reasonable. The Court finds no indication that defendant's removal was for the purpose of prolonging litigation or imposing costs on the plaintiffs.[1]

---

[1] There is no doubt that defendant's removal of this case caused the plaintiffs to incur additional legal fees. This is not the test to be applied in determining whether an award of fees is appropriate, however, and there is no indication that it was defendant's intent to remove the case in order to increase the costs of litigation.

The briefing submitted by plaintiffs' attorney was unnecessarily lengthy, and was overwrought, rambling and repetitive. Thus, plaintiffs' attorney's fees incurred in connection with the removal were far higher than necessary. The motion to remand was 13 pages long [Doc. 10], and was accompanied by a 5-page Special Appearance to Challenge Jurisdiction [Doc. 11] and a 10-page Suggestions in Support of the Special Appearance to Move to Remand [Doc. 12]. Plaintiffs attempted to file without leave of Court a 28-page reply memorandum, which was ordered stricken from the record. Plaintiffs then filed a 15-page reply accompanied by an affidavit of their counsel and 24 pages of exhibits [Docs. 18, 19]. After defendant was granted leave to file a sur-response, plaintiffs without seeking leave of Court sought to file three documents as a sur-reply in support of their motion to remand. The Court ordered these documents stricken [Docs. 32, 33 and 35] and plaintiffs were subsequently granted leave to file a 13-page sur-reply. [Doc. 38] Plaintiffs then sought and were granted leave to file supplemental affidavits and other documents in support of their motion to remand. See Docs. 44-50.

Meanwhile, parallel briefing was occurring on defendant's motion to enjoin plaintiffs from filing pleadings in state court after the removal had occurred. [Doc. 21] When the Court denied without prejudice because of procedural irregularities plaintiffs' motion for an extension of time to file a response and to file an overlength brief [Doc. 29], plaintiffs filed a 16-page motion for reconsideration

Plaintiffs' motion to alter or amend the judgment will therefore be denied to the extent it seeks attorney's fees and costs and a lodestar award.

**Other Relief**.

It is well settled that once a district court remands a case to the state court "the district court disassociates itself from the case entirely[.]" Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S. Ct. 1712, 1719 (1996). Upon entry of an order to remand a case for lack of subject matter jurisdiction or for a defect in the removal procedure, a district court is divested of its jurisdiction over the case and may not reconsider its order or take any further action on the case. See 28 U.S.C. § 1447(d); see, e.g., Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir.), cert. denied, 534 U.S. 820 (2001); In re Lowe, 102 F.3d 731, 733-36 (4th Cir. 1996); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 225-26 (3rd Cir. 1995); Seedman v. United States Dist. Ct. for Cent. Dist. of California, 837 F.2d 413, 414 (9th Cir. 1988).

The remaining aspects of plaintiffs' motion to alter or amend the judgment, to reconsider footnotes one and three of the Memorandum and Order and to take judicial notice, should therefore be denied for lack of subject matter jurisdiction. Moreover, if the Court had jurisdiction to address this portion of plaintiffs' motion, it would deny the same.

---

of that order. [Doc. 31] Plaintiffs then filed a 6-page response to the motion to enjoin [Doc. 34], and thereafter sought leave to file a 21-page suggestions in support of their response [Doc. 37], which the Court denied [Doc. 42], noting that defendants had not filed a reply and there was no basis for filing suggestions in support of a response to a motion.

The instant motion to alter or amend the judgment is 12 pages long and is accompanied by a 17-page memorandum in support, together with a 16-page affidavit of counsel and approximately 45 pages of exhibits [Doc. 54]. Plaintiffs sought and were granted leave to file a second, 5-page affidavit of counsel in further support of their motion, along with approximately 100 pages of exhibits [Doc. 55], and a third, 7-page affidavit of counsel with 10 pages of exhibits [Doc. 56]. Finally, plaintiffs sought to supplement their motion to alter or amend with additional billing statements [Doc. 58] and were granted leave to file a 21-page reply memorandum in support of their motion to alter or amend. [Doc. 59]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to alter or amend is **DENIED** with respect to attorney's fees and costs and a lodestar award, and **DENIED** for lack of subject matter jurisdiction in all other respects, as set forth above. [Doc. 54]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of February, 2006.